UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:15-CR-69 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JIANGUO HAN, ZHIWEN LIN, and BING HAN, | |
| Defendant(s). | |

Presently before the court is *pro se* petitioner Jianguo Han's ("Han") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 180). The United States of America ("the government") filed a response (ECF No. 182), to which Han replied (ECF No. 193).

Also before the court is Han's motion for certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). (ECF No. 194). The government did not file a response, and the time to do so has passed.

**I.  Background**

On February 23, 2015, the government filed its one-count criminal complaint against Han—and co-defendants Zhiwen Lin and Bing Han—pursuant to 21 U.S.C. § 841(a)(1), for manufacturing of a controlled substance—marijuana plants. (ECF No. 2). That same day, the court appointed Yi Lin Zheng to defend Han. (ECF No. 6).

On May 15, 2015, Han filed a motion to substitute attorney (ECF No. 36), seeking to substitute Robert Curtis in place of his current attorney, Yi Lin Zheng. However, Magistrate Judge Nancy J. Koppe denied Han's motion to substitute attorney. (ECF Nos. 36, 59). Han then

**James C. Mahan
U.S. District Judge**

submitted a new motion to substitute attorney for Brian Smith which Magistrate Judge Koppe granted. (ECF Nos. 73, 77). Mr. Smith represented Han throughout his trial.

On March 8, 2017, the government filed a two-count superseding indictment against Han—and co-defendant Bing Han—pursuant to (1) 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846, for conspiracy to manufacture more than 100 marijuana plants; and (2) 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), for possession with intent to manufacture more than 100 marijuana plants. (ECF No. 127).

After eleven[1] continuations, the court set trial for July 24, 2017. (ECF No. 147). A two-day jury trial commenced on that date. (ECF Nos. 147, 148). On the first day of trial, the government called three witnesses: Joe Gleason, Randy Dockery, and Shannon McHale. (ECF No. 147). Mr. Smith cross examined Joe Gleason and Shannon McHale. *Id.* On the second day of trial, the government called one witness: Thomas Bachman. (ECF No. 148). Mr. Smith cross examined Thomas Bachman and, after re-direct examination from the government, re-cross examined him. *Id.* The government then rested its case. *Id.*

Before Han's case-in-chief, the court informed Han that he was not required to testify on his own behalf. *Id.* at 2. Han did not testify, nor did he call any witnesses. *Id.* at 2. Han rested his case and Mr. Smith conducted a five-minute closing argument. *Id.* at 2. After deliberations, the jury came back with a verdict of guilty on counts one and two.[2] *Id.* at 3.

After trial, Magistrate Judge Koppe granted a stipulation from Han to substitute counsel from Mr. Smith to Carl E.G. Arnold. (ECF Nos. 158, 159). Mr. Arnold represented Han through his sentencing. This court sentenced Han to 78 months custody per count to run concurrently and four years supervised release per count to run concurrently. (ECF Nos. 161, 162).

After sentencing, Magistrate Judge Koppe granted another motion from Han to substitute attorney from Mr. Arnold to Benjamin Durham. (ECF Nos. 163, 164). Han then filed a notice of appeal for his jury trial and sentencing. (ECF No. 165). Mr. Durham represented Han throughout his appeal. On appeal, Han claimed one ground for reversal, insufficient evidence. *United States*

---

[1] (ECF Nos. 35, 51, 53, 80, 90, 100, 111, 120, 123, 131, 138).

[2] Han's co-defendant, Bing Han, was found not guilty on both counts. (ECF No. 148 at 3).

*v. Han*, 740 F. App'x 571, 571 (9th Cir. 2018) (unpublished). There, the Ninth Circuit reviewed for plain error because Han failed to preserve his sufficiency of the evidence claim. *Id.* at n.1. The Ninth Circuit then affirmed this court's judgement and sentencing of Han. (ECF Nos. 176, 177, 179).

Han—now filing *pro se*—moves to vacate his sentence pursuant to 18 U.S.C. § 2255 and moves for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). (ECF Nos. 180, 194).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). § 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). § 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622. The "cause and prejudice" exception revives only defaulted

**James C. Mahan**
**U.S. District Judge**

- 3 -

constitutional claims, not unconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Further, ineffective-assistance-of-counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also Schlesinger*, 49 F.3d at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

## III. Discussion

Han asserts one ground for which he requests that the court grant his motion to vacate, set aside, or correct his sentence pursuant to § 2255: ineffective assistance of counsel. Thus, the court must determine whether Han had ineffective counsel.

*a. Ineffective assistance of counsel*

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Id.* In addition, to show deficiency in counsel's performance, a defendant must show that "counsel made errors so serious that counsel was not functioning [in the capacity] guaranteed to the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687).

Han asserts five arguments for ineffective assistance of counsel:

> [Han] was the victim of ineffective assistance of counsel when counsel erred and failed: (1) to properly investigate the case against [Han], (2) to file any pre-trial motion on defensive issues, (3) to adequately cross-examine the government's witnesses, (4) to adequately show the court the insufficiency of the evidence to sustain [Han]'s conviction, (5) to adequately assist [Han] during the sentencing hearing.

(ECF No. 180 at 13). While no attorney is expressly addressed in Han's motion, he was represented by one attorney, Brian Smith, at trial and another attorney, Carl Arnold, at sentencing.

*1. Counsel failed to properly investigate the case against Han*

Han argues that counsel failed to properly investigate "the evidence regarding the fact that [Han] briefly helped to unload [two] grow lights from a U-Haul van into the garage of one of the searched residence[s]." (ECF No. 180 at 17). Han further argues that counsel needed to investigate this event to show the jury that Han's only involvement in the conspiracy was unloading lights. *Id.*

Han also argues that counsel did not investigate Han's relationship to the searched houses "to which [Han] was acting as the landlord." *Id.* at 18. Han further argues that counsel did not interview Han's wife or review Han's credit cards and bank statements so counsel could show the jury that Han was merely a landlord, not a co-conspirator. *Id.*

The government argues that Han's claims are "primarily a disguised attempt to re-litigate the sufficiency of the evidence." (ECF No. 182 at 8). It further argues that Han fails to explain how these investigations would have any bearing on the result of his case. *Id.*

A defendant's bare assertion that counsel failed to raise an issue is not enough to establish ineffective assistance of counsel if the defendant offers nothing to support that he would prove the issue in his favor. *See United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). Here, Han claims that by investigating witnesses and financial information, his counsel would have shown the jury that his only involvement was moving lights and being a landlord. (ECF No. 180 at 17–18). However, the court agrees with the government; these are evidentiary arguments that Han brought in his appeal to the Ninth Circuit, not proof of ineffective counsel. *Han*, 740 F. App'x at 571.

Courts in this district follow the Ninth Circuit's successive claim rule.[3] "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as the basis for a subsequent § 2255 petition." *Hayes*, 231 F.3d at 1139;

---

[3] *See, e.g., United States v. Bell*, No. 2:15-CR-54 JCM (CWH), 2020 WL 291838 *3 (D. Nev. Jan. 21, 2020) (J. Mahan); *United States v. Kellow*, 2019 WL 78944 *19 (D. Nev. Jan. 2, 2019) (J. Navarro) ("issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding.") (citation omitted).

1 *See Frady*, 456 U.S. at 164. Further, a petitioner's restating of an issue using different language
2 is also unreviewable. *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

3 While Han claims that his argument is strictly based on the ineffective assistance of his
4 counsel, the allegations within his argument clearly indicate evidentiary arguments that he has
5 already had the opportunity to argue on appeal.[4] Han may disagree with the strategic decisions of
6 his counsel,[5] but he cannot use his § 2255 petition to relitigate evidentiary issues already addressed
7 in his appeal. *Hayes*, 231 F.3d at 1139. Thus, Han's argument that his counsel failed to investigate
8 fails.

9 Within Han's argument that his counsel failed to investigate, Han alleges—seemingly
10 offhand—that his counsel did not allow him to testify on his own behalf even though he wished
11 to. (ECF No. 180 at 19). The government contends that this allegation is flatly contradicted by
12 the record. (ECF No. 182 at 9). The court, informed by the record[6] and by ancillary evidence
13 from Han,[7] finds that Han understood his right to testify and Han's counsel did not prevent Han
14 from testifying. Thus, Han's argument that his counsel prevented him from testifying also fails.

15 *2. Counsel failed to file any pre-trial motion on defensive issues*

16 Han argues that his counsel did not attempt to obtain the transcript of testimonies before
17 the grand jury. (ECF No. 180 at 19). Han further argues that his counsel did not file a motion *in*

---

[4] "To help somebody else to unload 2 grow lights is not, itself, a crime. . ."; "The fact that [Han] went into the house on multiple occasions, does not mean that he agreed with the people to whom he helped. . ."; "[Han] had not[h]ing to do with the grow-marijuana business . . . because the mere knowledge or the mere presence, did not constitute conspiracy. . . ." (ECF No. 180 at 17–18).

[5] "Strategic choices are made about the extent of investigation, the risks of a defense requiring defendant's testimony and exposure to cross-examination, the possibility that placing personal background information before a jury will backfire, and so on." *Roe v. Flores-Ortega* 528 U.S. 470, 491–92 (2000).

[6] From the record, "[Han] understood that [he] [is] not required to testify." (ECF No. 148 at 2).

[7] In a letter to the court, Han alleges that his counsel "threatened that the prosecutors we were facing were very powerful, and they could use any mistake I'd made . . . against me. . . ." Han then alleges that "for this reason I let go of the opportunity to defend myself in the court." Counsel informing Han that prosecutors would use anything Han says against him is not a threat; it is a warning that informed Han's decision to not testify at trial. (*See* letter from Han, attached hereto as **Exhibit 1**, at 7–8).

James C. Mahan
U.S. District Judge

- 6 -

*limine* to prevent the government from introducing "evidence which were either illegally obtained or that had nothing to do with [Han]." *Id.* at 20.

The government argues that even if Han's allegations are true, he failed to explain how his defense was prejudiced by his counsel's decision to neither request transcripts nor file motions *in limine*. (ECF No. 182 at 8–9).

Han first argues that his counsel did not obtain grand jury testimony in preparation for trial. If this allegation is true, it could indicate an unprofessional error because there is no strategic value in not obtaining information to the suit which is freely accessible. However, a § 2255 claim based on ineffective assistance of counsel must show that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution *that the trial was rendered unfair and the verdict rendered suspect.*" *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (emphasis added). Thus, Han must show that counsel's decision to not obtain the grand jury transcripts rendered the trial unfair.

Han's motion contains no such showing. (ECF No. 180). Instead, Han lists several speculations as to what the grand jury probably saw[8] to establish probable cause. *Id.* With only speculation showing that not having the grand jury transcripts made his trial unfair, Han's argument must fail.

Han next argues that a motion *in limine* would have prevented evidence from being admitted that either had nothing to do with him or was obtained illegally. *Id.* at 20. While Han presents these arguments as proof of ineffective counsel, they are actually evidentiary and constitutional arguments.

Han first alleges that the admitted evidence had nothing to do with him, which is essentially the inefficient evidence argument Han raised on direct appeal of his conviction. *Han*, 740 F. App'x at 571. There, the Ninth Circuit held that a rational trier of fact could have found the essential elements of conspiracy to manufacture based on the evidence admitted at trial. *Id.* Thus, as

---

[8] "Probably, the jury did not even see the leasing of both the target houses . . . the supposed reports made . . . the video and picture of the house tak[en] by the Government . . . ." (ECF No. 180 at 10–11).

discussed in section III.a.1, Han's evidentiary argument is precluded by the successive claim rule. *Hayes*, 231 F.3d at 1139; *Frady*, 456 U.S. at 164.

Han next alleges that that the admitted evidence was obtained illegally. This is a Fourth Amendment argument that Han had the opportunity to argue on direct appeal but chose not to. "[W]hen a defendant fails to raise a legal argument on direct appeal, the procedural default rule applies and bars collateral review under § 2255." *Massaro*, 500 U.S. at 504. However, the rule does not apply in two circumstances: (1) where the defendant can show "cause and prejudice"; or (2) the defendant can show "actual innocence." *Id.*; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

To show cause, a defendant must demonstrate "that some objective factor external to the defense impeded his efforts to raise the barred claim." *United States v. Lovett*, 2018 WL 3370533 at *6 (D. Nev. July 10, 2018) (J. Mahan). To show prejudice, a defendant must demonstrate "a reasonable probability that his conviction or sentence would have been different" absent counsel's ineffective assistance. *Lovett*, slip op. at *6–7. To establish "actual innocence" a defendant must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Han does not identify an external factor which prevented him from raising his constitutional argument on appeal. Nor does Han establish reasonable probability that the constitutional argument would have changed his conviction or sentence. Further, Han does not allege anything explaining how his constitutional argument would have altered the case so that no reasonable juror could have found him guilty beyond a reasonable doubt.

Without cause or prejudice, Han must show "actual innocence." *Delo*, 513 U.S. at 327. To that point, Han fails to allege anything in his motion justifying a departure from the jury conviction and appellate affirmation that the evidence on record is sufficient to find Han guilty. Thus, Han's argument that his counsel failed to file pre-trial motions fails.

. . .

. . .

James C. Mahan
U.S. District Judge

*3. Defense counsel failed to adequately cross-examine the government's witnesses*

Han argues that his counsel failed to effectively cross-examine the government's witnesses, specifically Las Vegas police department investigator Thomas Bachman and "key-government-witness Mr. Gleason." (ECF No. 180 at 20).

The government argues that Han fails to identify areas of cross examination that should have been covered that were not covered by his counsel. (ECF No. 182 at 7). The government further argues that "vague and conclusory allegations warrant summary dismissal of claims made by a defendant in a § 2255 motion." *Id.*

Han fails to allege any facts or details in his § 2255 motion that explain why his counsel's cross-examinations were inadequate. Han's only assertion in his motion is that "trial counsel failed to effectively cross-examine [the witnesses]." This allegation, without any supporting facts, is a vague and conclusory allegation that the court cannot accept as the basis for Han's § 2255 claim of ineffective counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Thus, Han's argument that his counsel failed to adequately cross-examine witnesses fails.

*4. Defense counsel failed to adequately show the court the insufficiency of the evidence to sustain Han's conviction*

Han argues that "the trial evidence was insufficient as a matter of law to sustain a conviction at trial . . . counsel rendered ineffective assistance of counsel where [he] did not submit a rule 29(a) motion for judgment of acquittal . . . ." (ECF No. 180 at 20–21). This argument was directly addressed by the Ninth Circuit in Han's appeal. *Han*, 740 F. App'x at 571. There, the Ninth Circuit held that the evidence in Han's trial was sufficient for a rational trier of fact to find Han guilty. *Id.*

As discussed above, Han may not bring claims and arguments in his § 2255 motion that were addressed in his direct appeal. *Hayes*, 231 F.3d at 1139; *Frady*, 456 U.S. at 164. Thus, Han's argument that his counsel failed to show the court the insufficiency of the evidence fails.

*5. Defense counsel failed to adequately assist Han at the sentencing hearing*

Han argues that his counsel failed to assist him during sentencing because "[counsel] did not challenge a sentencing enhancement based on [Han]'s role in the offense." (ECF No. 180 at

23). Han further argues that his sentencing enhancement of being a manager or supervisor was not based on factual findings of the court. *Id.* at 24.

The government argues that Han's argument consists of mere conclusory statements unsupported by any factual allegations. (ECF No. 182 at 9). The government further argues that the court is not required to make factual determinations when the defendant does not object to the facts set forth in the PSR. *Id.* at 10. The government notes that "Han unambiguously advised the Court at his sentencing hearing that he had '[n]o objection' to the presentence report." *Id.* at 9.

The court is persuaded by the cases cited by the government in its papers.[9] Han had an opportunity at trial to object to facts set forth in the PSR. While Han may regret his decision to not object at trial, his § 2255 motion is not his opportunity to relitigate issues from his trial or appeal. *Hayes*, 231 F.3d at 1139; *Frady*, 456 U.S. at 164.

Further, Han fails to show, with any specificity, that his counsel's objection to the sentencing enhancement would have succeeded. Han provides a single conclusory statement that "had defense counsel properly objected to the aggravated role adjustment, [Han] would have [] received a substantial[ly] reduced sentence." (ECF No. 180 at 24). This allegation, without more, is not enough to show that Han's counsel was ineffective. *See McMullen*, 98 F.3d at 1158. Thus, Han's argument that his counsel failed to adequately assist Han at sentencing fails.

  b. *Certificate of appealability*

When the court denies a petitioner's § 2255 motion, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

---

[9] *See United States v. Charlesworth*, 217 F.3d 1155, 1160 (9th Cir. 2000) ("Charlesworth did not contest any of the information in the PSR; therefore, there was no need for the court to make any findings."); *see also United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) ("Of course, the district court may rely on undisputed statements in the PSR at sentencing."); *United States v. Johnson*, 920 F.3d 628, 635 (9th Cir. 2019) ("Because Johnson failed to controvert the PSR's felony classification of his § 245(a)(1) conviction, the district court was entitled to accept that aspect of the PSR as a finding of fact under Rule 32."); *United States v. Romero-Rendon*, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000) ("The government bears the burden of proving the facts underlying the enhancement. Where, as here, it submits the PSR as proof, and the defendant submits no contrary evidence, the only evidence before the sentencing judge is the uncontroverted PSR. In these cases, a judge may rely on it to establish the factual basis for the enhancement.").

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Here, Han fails to make a substantial showing that his Sixth Amendment right to counsel was denied. Each of his arguments fail under well-established legal doctrines to the point that no reasonable jurists could debate that his petition should have been resolved in a different manner. Han's attempt to relitigate his conviction and sentence by categorizing every decision made by his counsel as ineffective does not "deserve encouragement to proceed further." *Id.* Thus, the court denies Han a certificate of appealability.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Jianguo Han's motion to vacate, set aside, or correct sentence pursuant to § 2255 (ECF No. 180) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED no certificate of appealability shall be issued, as explained in section III.b of the court's order.

DATED February 21, 2020.

_____
UNITED STATES DISTRICT JUDGE